# Supersession by the Ethics in Government Act of Other Financial Disclosure Requirements

Section 207(c) of the Ethics in Government Act has superseded the public financial reporting requirements of four environmental laws adopted before its passage.

April 11, 1980

## MEMORANDUM OPINION FOR THE DEPUTY GENERAL COUNSEL, ENVIRONMENTAL PROTECTION AGENCY

This is in response to your request for our opinion on the question whether § 207(c) of the Ethics in Government Act (Ethics Act), 5 U.S.C. App., has eliminated the public financial reporting requirements of the following statutory provisions: § 26(e) of the Toxic Substances Control Act, 15 U.S.C. 2625(e); § 1007 of the Solid Waste Disposal Act, 42 U.S.C. § 6906; § 318 of the Clean Air Act, 42 U.S.C. § 7618, and § 12 of the Environmental Research, Development and Demonstration Authorization Act of 1978, P.L. 95-155, 91 Stat. 1263. These statutory requirements are substantially similar in their language and effect, and all were adopted by Congress before the passage of the Ethics Act. They oblige policymaking officials who work in their respective areas of application to report certain personal financial interests for public disclosure and they authorize criminal prosecution for a failure to comply.

Section 207(c) of the Ethics Act reads as follows in pertinent part:

> The provisions of this title requiring the reporting of information shall supersede any general requirement under any other provision of law or regulation with respect to the reporting of information required for purposes of preventing conflicts of interest or apparent conflicts of interest.

For the reasons advanced below, we have concluded that § 207(c) has displaced the four cited provisions of law and brought the provisions of Title II of the Ethics Act into play in their stead.

The language of § 207(c) lays down only two prerequisites for the supersession by Title II of a statutory or regulatory reporting requirement. The first is that a "general" requirement must be involved and the second is that the requirement be aimed at real or apparent conflicts

566

of interest. Applying these prerequisites in reverse order, we first join in your conclusion, derived in part from legislative history, that the subject statutory provisions were indeed intended to prevent conflicts of interest. As for the other prerequisite, since each statutory reporting provision is applicable to the occupants of positions in your Agency that are categorized by the provision in general terms (§ 26(e) of the Toxic Substances Control Act is also applicable in the Department of Health, Education and Welfare), each in our opinion is unquestionably a general requirement within the meaning of § 207(c). *Cf.* H.R. Rep. No. 95–642, Part 1, 95th Cong., 1st Sess., p. 51 (1977), where the Committee on Post Office and Civil Service cited the financial reporting system created for employees of the Department of Energy by P.L. 95–91, §§ 603 and 604, 42 U.S.C. §§ 7213 and 7214, as an example of a requirement intended for supersession by what is now § 207(c) of the Ethics Act.

It should be noted also that our answer to your inquiry is strongly supported by the obvious congressional purpose of establishing uniform financial reporting requirements and procedures throughout the Executive Branch by means of § 207(c).

To repeat, we are of the opinion that § 207(c) has made a dead letter of the four financial reporting enactments you called to our attention and has made Title II of the Ethics Act operative in their stead.

JOHN M. HARMON
*Assistant Attorney General*
*Office of Legal Counsel*